**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **DAVID CARMINE LETTIERI,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | **26-11190-FDS** |
| **DISCIPLINARY HEARING OFFICER,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

*Pro se* petitioner David Lettieri, who is confined at FMC Devens, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.

For the reasons stated below, the petition fails to state a claim upon which relief can be granted and is therefore subject to dismissal. If petitioner wishes to proceed, he must (1) file an amended petition that states all grounds for relief sought and the facts supporting each ground, and (2) either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis* accompanied by a certified prison account statement.

## I.    BACKGROUND

David Lettieri filed this action using the form for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (form AO 242). He did not pay the $5.00 filing fee or file an Application to Proceed in District Court without Prepaying Fees or Costs. He checked boxes indicating that his petition concerns disciplinary proceedings and "other." Dkt. No. 1 at ¶ 5.

The petition alleges that on June 3, 2025, during a hearing concerning incident #4122574, a disciplinary hearing officer claimed that prison "programs are worthless." *Id.* at ¶ 6.

Petitioner appealed to the regional office raising issues of "due process, confrontation clause, vague and overbreadth." *Id.* at ¶ 7. He alleges that the result was that the decision was affirmed. *Id.* He checked the "yes" box that he filed a second appeal after the first appeal. *Id.* at ¶ 8. He indicates that he raised the same issues in the second appeal to "Washington" which was "thrown out without being heard." *Id.* at ¶ 8(a). He contends that his rights to "due process," "to be heard," and "freedom of speech" were denied. *Id.* at ¶ 13. For relief, he seeks a thirty-day reduction in his sentence and a one-year reduction in his supervised release. *Id.* at ¶ 15.

In his memorandum of law, petitioner states that he participates in programming so that he can earn First Step Act Credits. Dkt. No. 2 at 1. He contends that correctional staff encourage participation in programming even though a disciplinary hearing officer "made it clear that 'programing' is worthless." *Id.* at 1. He alleges that on August 5, 2025, he completed a class [Book Club Part 1]. *Id.* at 1. He further states that he filed an appeal and that he did not receive the denial by the BOP Regional Office until the time limit expired for further appeal. *Id.* at 1. He has attached to his petition a copy of the denial by the regional office, *see* Dkt. No. 1-1 at 11, as well as copies of several grievances and programming records. *Id.* at 1-15. As best can be gleaned from the remainder of the memorandum, he sent an appeal "to Washington in which the matter was just not filed to be heard, thus violat[ing] the petitioner['s] right to be heard." *Id.* at 1. The memorandum concludes with the statement that "[s]ince an appeal is to dispute the false decision such had be[en] violated when the appeal Division had thrown out the appeal." *Id.* at 3.

## II.    STANDARD OF REVIEW

The petition is before this court for preliminary review. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not

entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). [1] Under Rule 4, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

A habeas petition must "specify all the grounds for relief available to the petitioner" and must "state the facts supporting each ground[.]"Rule 2(c)(1)-(2); *see also Mayle v. Felix*, 545 U.S. 644, 649 (2005) (explaining that although the rules governing ordinary civil proceedings require that pleadings contain "only a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Habeas Rule 2(c) "requires a more detailed statement").

## III.    DISCUSSION

As an initial matter, the sparse allegations in the petition are conclusory and the petition does not sufficiently identify the factual basis for a claim that petitioner's constitutional rights were violated.  Despite his *pro se* status, the petition must "*specify . . .* the grounds for relief available" to him and "*state the facts* supporting each ground."  Rule 2(c) (emphasis added). The petition fails to do so; among other things, it is far from clear how the handling of the disciplinary hearing violated his rights.

In addition, the petition is subject to exhaustion requirements.  *See Sayyah v. Farquharson*, 382 F.3d 20, 24 (1st Cir. 2004).  To comply with this requirement, a prisoner must

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

follow the "deadlines and other critical procedural rules" of the institution at which he or she is incarcerated. *Woodford v. Ngo*, 548 U.S. 81, 88-93 (2006). The Bureau of Prisons has an established administrative remedy procedure, which involves the following:

> the prisoner must attempt to resolve the complaint informally.... If an informal resolution cannot be found, an inmate must submit a formal written Administrative Remedy Request to the Warden through a BP-9 form within 20 days of the events which form the basis of the inmate's request..... An inmate dissatisfied with the Warden's response to the BP-9 request may submit an appeal to the Regional Director via a BP-10 form within 20 days.... Lastly, an inmate dissatisfied with the Regional Director's response may appeal to the BOP's Office of General Counsel via a BP-11 form within 30 days.... Appeal to the General Counsel is the final administrative appeal.

*Nygren v. Boncher*, 578 F. Supp. 3d 146, 152 (D. Mass. 2021) (internal citations and quotation marks omitted). Here, petitioner appears to have filed an appeal with the Regional Director. He further states that his appeal to Washington was "thrown out without being heard." Dkt. No. 1 at ¶ 8(a). After reviewing the petition and documents submitted by Lettieri, it is unclear to the Court whether he has fully exhausted his administrative remedies prior to initiating this case.

If petitioner wishes to proceed with this action, he must (1) resolve the filing fee issue and (2) file an amended petition that clearly asserts the claim or claims he intends to raise in this action. If he chooses to file an amended petition, it should bear the docket number assigned to this case (26-11190-FDS), be labeled "Amended Petition," and be complete by itself without reference to the original petition or any other documents (except any documents that are attached to the amended petition as exhibits).

## IV.    CONCLUSION

On or before August 31, 2026, petitioner shall (1) file an amended petition that states all grounds for relief sought and the facts supporting each ground; and (2) either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure to comply with these directives will result in dismissal of this action.

4

**So Ordered.**

                                /s/  F. Dennis Saylor IV

                                F. Dennis Saylor IV

Dated:  July 13, 2026                United States District Judge