UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID CARMINE LETTIERI,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**DISCIPLINARY HEARING OFFICER,**<br><br>**Respondent.** | **Civil Action No.**<br>**26-11190-FDS** |

**ORDER**

**SAYLOR, J.**

*Pro se* petitioner David Lettieri, who is confined at FMC Devens, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, with a memorandum of law. He did not pay the $5.00 filing fee or seek waiver of the filing fee.

On July 13, 2026, the Court informed Lettieri that to proceed with this action, he must resolve the filing fee and file an amended petition that clearly asserts the claim or claims he intends to raise in this action. The Court explained that any amended petition must address whether he exhausted administrative remedies prior to filing this action and must specify the grounds for relief available to him and the facts supporting each ground.

Even if the Court credits Lettieri's contention that he has exhausted his administrative remedies, the precise nature of the arguments he asserts in the amended petition remains unclear because he refers to and mixes together several distinct legal concepts. As best can be gleaned from the amended petition, Lettieri claims that his due process rights were violated during the disciplinary process arising out of incident report #4122574. Dkt. No. 7 at ¶¶ 6, 13. In his petition, he does not specify the charge nor the sanction imposed. As in his original petition, he again alleges that a disciplinary hearing officer described prison "programs" that are offered as

incentives for earning credits under the First Step Act ("FSA") as "worthless." *Id.* at ¶¶ 5, 6. For relief, he seeks a 30-day reduction in his criminal sentence and a one-year reduction in supervised release. *Id.* at ¶ 15.

The FSA allows most prisoners who complete recidivism reduction programs to earn various rewards. These include additional phone and visitation privileges, 18 U.S.C. § 3632(d)(1); transfer to a facility closer to their anticipated release location, *id.* § 3632(d)(2); other incentives that the Bureau of Prisons may implement *id.* § 3632(d)(3); and time credits that can be applied towards early release or placement in prerelease custody, *id.* § 3632(d)(4). A writ of habeas corpus would be a proper remedy for the denial of "time credits" earned under the FSA. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (a habeas petitioner may attack the fact or duration of his confinement). However, as explained by the Eighth Circuit, if a petitioner "is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *see also Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014) (quoting *Kruger*).[1]

---

[1] Presumably, Lettieri filed this as a habeas corpus petition, at least in part, in an effort to avoid the "three-strikes" rule applicable to his non-habeas civil filings.

Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). Where a prisoner has "three strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. *Id.*; *see also Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status[,] and the legal claims asserted in his complaint.").

Prior to the commencement of this action, this court had already determined that plaintiff is a "three strikes" litigant. *See, e.g.*, *Lettieri v. Santander Bank N.A.*, No. 24-10361-AK, ECF No. 4 (D. Mass. Mar. 15, 2024), and the United States Court of Appeals for the First Circuit has reached the same conclusion, *see Lettieri v. Santander Bank N.A.*, No. 24-1781, 2025 WL 2823585, at *1 (1st Cir. June 18, 2025) (dismissing appeal because plaintiff had "not paid the appellate filing fee in full and ha[d] not shown why the appeal should be permitted to proceed without payment of the full filing fee despite his 'three-strikes' status").

Here, Lettieri's due-process challenge does not attack the fact or validity of his confinement, even though the relief sought is a shortening of his sentence. The petition refers to "First Step Act credits, Dkt. No. 7 at ¶ 5, but not "time" credits. From the exhibits, it appears that his appeals concern entitlement to preferred housing, placement in disciplinary segregation and denial of access to the Trust Fund Limited Inmate Computer System ("TRULINCS"). Dkt. No. 7-1 at 13, 15, 16. The habeas claim does not seek to attack either the validity of his sentence or the duration of his confinement. Instead, he challenges the denial of non-time credit FSA rewards. For this reason, the Court lacks jurisdiction to consider the habeas claim.

Accordingly, it is hereby ORDERED as follows:

1. The amended petition for a writ of habeas corpus is DENIED.

2. This action is DISMISSED. The Clerk shall enter a final order of dismissal and close this case.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 9, 2026